# THE LAW OFFICE OF EDWARD HANRATTY

**Edward Hanratty, Esq.**                                                                                         57 West Main Street, Suite 2D
**Admitted in NJ, PA, WV**                                                                                              Freehold, NJ 07728
www.centralnewjerseybankruptcylawyer.com                                                                     Tel:732-301-4649
                                                                                                                                    Fax: 732-734-0651

April 25, 2022

Hon. Michael B. Kaplan, Chief Judge
United States Bankruptcy Court
402 East State Street
Trenton, NJ 08608
**Via: Electronic Court Filing**

>Re: Eliezer Mordan
>Case No. 22-10573-MBK
>**MOTION TO EXPUNGE PROOF OF CLAIM 11 FILED BY**
>**LVNV FUNDING, LLC C/O SHERMAN ORIGINATOR, LLC**

Your Honor:

Please accept this letter in lieu of a more formal reply to the Trustee's objection to Debtors Motion to Expunge Proof of Claim 11 filed by LVNV Funding, LLC c/o Sherman Originator, LLC.

The Trustee asserts that the objection requires a certification from the debtor, but the motion presents no new facts, it only points out legal ramifications in the proof of claim and its attachments. The claim is barred by applicable state law and enforceable.

In the context of a fair debt collection action, the U.S. Supreme Court has discussed time barred claims in bankruptcy, specifically Chapter 13 cases, and found them permissible because of the other procedural safeguards in place in the Chapter 13 process.

The United States Supreme Court has stated:

> The consumer initiates such a proceeding, see 11 U. S. C. §§301, 303(a), and consequently the consumer is not likely to pay a stale claim just to avoid going to court. A knowledgeable trustee is available. See §1302(a). Procedural bankruptcy rules more directly guide the evaluation of claims. See Fed. Rule Bkrtcy. Proc. 3001(c)(3)(A); Advisory Committee's Notes on Rule 3001–2011 Amdt., 11 U. S. App., p. 678. And, as the Eighth Circuit Bankruptcy Appellate Panel put it, the

claims resolution process is "generally a more streamlined and less unnerving prospect for a debtor than facing a collection lawsuit." In re Gatewood, 533 B. R. 905, 909 (2015); see also, e.g., 11 U. S. C. §502 -Opinion of the Court outlining generally the claims resolution process). These features of a Chapter 13 bankruptcy proceeding make it considerably more likely that an effort to collect upon a stale claim in bankruptcy will be met with resistance, objection, and disallowance.

<u>Midland Funding, LLC v. Johnson</u>, 137 S. Ct. 1407 (May 15, 2017)

The relief the debtor is seeking in her motion is precisely the relief the U.S. Supreme Court requires the Chapter 13 debtor, or another party with interest in the estate to seek, and the only remedy afforded.  It is the creditors obligation to support its right to payment via the claim process, and here, the filed claim itself evidences there is no such right.

To deny the motion would allow a stale claim to be paid, to the detriment of the debtor and other deserving creditors, which would be unjust. The motion to expunge the claim as time barred should be granted.

Very yours truly,

**/s/ Edward Hanratty**
EDWARD HANRATTY, ESQ.
For the firm