# THE LAW OFFICE OF EDWARD HANRATTY

**Edward Hanratty, Esq.**                                                                           **57 West Main Street, Suite 2D**
**Admitted in NJ, PA, WV**                                                                       **Freehold, NJ 07728**
www.centralnewjerseybankruptcylawyer.com                                  **Tel:732-301-4649**
                                                                                                                    **Fax: 732-734-0651**

April 25, 2022

Hon. Michael B. Kaplan, Chief Judge
United States Bankruptcy Court
402 East State Street
Trenton, NJ 08608
**Via: Electronic Court Filing**

       Re: Eliezer Mordan
       Case No. 22-10573-MBK
       **MOTION TO EXPUNGE PROOF OF CLAIM 13 FILED BY**
       **CAVALRY SPV I, LLC AS ASSIGNEE OF CAPITAL ONE, N.A.**

Your Honor:

Please accept this letter in lieu of a more formal reply to the Trustee's objection to Debtors Motion to Expunge Proof of Claim 13 filed by Cavalry SPV I, LLC as assignee of Capital One, N.A/ Lord & Taylor.

The Trustee asserts that the objection requires a certification from the debtor, but the motion presents no new facts, it only points out legal ramifications in the proof of claim and its attachments. The claim is barred by applicable state law and enforceable.

In the context of a fair debt collection action, the U.S. Supreme Court has discussed time barred claims in bankruptcy, specifically Chapter 13 cases, and found them permissible because of the other procedural safeguards in place in the Chapter 13 process.

The United States Supreme Court has stated:

> The consumer initiates such a proceeding, see 11 U. S. C. §§301, 303(a), and consequently the consumer is not likely to pay a stale claim just to avoid going to court. A knowledgeable trustee is available. See §1302(a). Procedural bankruptcy rules more directly guide the evaluation of claims.

See Fed. Rule Bkrtcy. Proc. 3001(c)(3)(A); Advisory Committee's Notes on Rule 3001–2011 Amdt., 11 U. S. C. App., p. 678. And, as the Eighth Circuit Bankruptcy Appellate Panel put it, the claims resolution process is "generally a more streamlined and less unnerving prospect for a debtor than facing a collection lawsuit." In re Gatewood, 533 B. R. 905, 909 (2015); see also, e.g., 11 U. S. C. §502 (Opinion of the Court lining generally the claims resolution process). These features of a Chapter 13 bankruptcy proceeding make it considerably more likely that an effort to collect upon a stale claim in bankruptcy will be met with resistance, objection, and disallowance.

<u>Midland Funding, LLC v. Johnson</u>, 137 S. Ct. 1407 (May 15, 2017)

The relief the debtor is seeking in her motion is precisely the relief the U.S. Supreme Court requires the debtor to seek, and the only remedy afforded. The creditor has the burden to show its entitlement to payment, and in this case, the field proof of claim indicates it is time barred. To deny the motion would allow a stale claim to be paid, to the detriment of the debtor and other deserving creditors, which would be unjust. The motion to expunge the claim should be granted.

Very yours truly,

**/s/ Edward Hanratty**
EDWARD HANRATTY, ESQ.
For the firm